## State, ex rel. W. B. Short, v. Commissioners of Sherman County.

[Filed March 3, 1891.]

1. **Schools: Bonds: Unauthorized Issue.** A school district in the year 1874 issued certain bonds for the purpose of purchasing a site for a school house and erecting a building thereon and recited on the face of the bonds that they were issued in exchange for a school house and site and building thereon. *Held*, That the bonds were issued for a purpose not authorized by statute and that they were void. (*State v. School District*, 16 Neb., 182.)

2. **Mandamus.** Where the facts stated in an alternative writ of *mandamus* are denied, including the right of the relator to bring and maintain an action, he must produce evidence showing such right, and this applies where the action is upon certain bonds which he claims to possess. They must be produced or their loss accounted for.

Original application for *mandamus*.

*Harwood, Ames & Kelly*, for relator, cited, as to the validity of the bonds : *State, ex rel. Gregory, v. Sch. Dist.* 13 Neb., 81 ; *State, ex rel. Kimball, v. Sch. Dist.* Id., 89 ; *Hopper v. Sch. Dist.*, Id., 470 ; *Sch. Dist. v. Holmes*, 16 Id., 486.

*Marquett, Deweese & Hall, contra*, cited : *State, ex rel. Otto, v. Sch. Dist.* 16 Neb., 182; Burroughs, Pub. Securities, 329, 331.

Maxwell, J.

This is an application for a *mandamus* to require the defendants to levy and collect taxes on a certain school district in Sherman county for the payment of certain school district bonds.

It is alleged in the alternative writ "that school district No. 5 of the county of Sherman, in the state of Nebraska,

30

was duly and legally organized: under the laws of said
state prior to the 26th day of January, A. D. 1874; that
said district, at the date aforesaid, comprised within its
boundaries all of town 16, range 13 west, all of town
16, range 14 west, and so much of town 16, range 15 west,
as lies north of the middle Loup river, being sections num-
bered in said town and range.

"That having so as aforesaid organized and constituted
the said school district No. 5, did, in pursuance of the re-
quest of five legal voters of said district, in writing, and
the written notice of the director duly and regularly posted
in three of the most conspicuous places in said district,
hold a special meeting in said district at the time and place
so appointed in said notice, for the purpose of determining
whether said district should borrow upon its bonds the sum
of $3,500 for the purpose of purchasing a site and erecting
thereon a school house and furnishing the same for the use
and benefit of the district. At which election it was voted
to borrow the sum aforesaid, and the school district board
were duly authorized by said district to issue the bonds of
said district aforesaid in the sum aforesaid, to negotiate the
same and out of the proceeds to erect a school house in
said district.

"Afterward, on the 18th day of February, 1874, said
school district board of school district No. 5, being regu-
larly in session and capable of transacting business, exe-
cuted certain bonds of said district bearing date the 18th day
of February, 1874, for the sum of five hundred dollars,
payable in six years from the date thereof, at the banking
house of Kountz Bros., in New York, with interest thereon
at the rate of ten per cent per annum, payable annually
and numbered 3, which bond, after being signed as afore-
said by the moderator, director, and treasurer of said dis-
trict, was countersigned by E. S. Atkinson, county clerk of
said Sherman county, and registered in his office as pro-
vided by law, on the 28th day of February, 1874, which

bond recited on its face, among other things, that it was issued for the purpose of raising money for building, erecting, and furnishing a school house in said district, and in pursuance of a vote of the qualified voters of said district at an election duly and regularly held on the 16th day of February, 1874, authorizing the issue and providing for a special annual tax to be levied on all the taxable property of said district for the payment of interest and principal as they should mature; which bond was placed upon the market, negotiated, and sold by said school district board, and out of the proceeds thereof a school house was erected and furnished in said district, and which said school district used and occupied for school purposes during the years 1874 and 1875, and at the regular meeting in 1874 officers were elected and a tax voted to pay interest on said bonds; but your petitioner further shows unto your honors that no other officers were or ever have been elected in said school district.

"The officers elected in 1874, as aforesaid, have removed from said county, and the organization of said district, so far as possible, has been abandoned and no school has been held in said district for several years under any authority of said district, and that for the purpose of avoiding the payment of its indebtedness said district refuses to elect new officers. *   *   *   That John F. Short, deceased, purchased said bonds in the due course of business before maturity of said bond, or any interest coupons, for near their face value, and, as your petitioner verily believes, without any notice or knowledge of any defect in said bond; that your petitioner is the owner and holder of said bonds as the administrator of the estate of the said John F. Short, deceased; that no part of said bond nor interest coupons were ever paid by said school district No. 5, nor by any one on its or their behalf, although often requested so to do. Neither have said district reported, nor have the county commissioners of said county levied any tax

save the first tax reported to the board of county commissioners for the year 1874 to pay said indebtedness hereafter stated, although often requested so to do by and on behalf of your petitioner; and there is now due on said bond and coupons the sum of $1,225, and, although the bond of your petitioner was duly registered in the office of county clerk of said county, and the indebtedness of your petitioner frequently reported to the board of county commissioners and treasurer of said Sherman county, and a tax requested to be levied and collected on the taxable property of said district as originally constituted to pay said indebtedness, said officers and board refuse so to do, and upon technical grounds, unknown to your petitioner, said commissioners and treasurer affirm that they would not levy and collect said tax, even though said school district should now report said tax."

The said officers and board claim, among other things, "the organization of said district has been dissolved, and that the debt of your petitioner was extinguished with the collapse of the district organization."

The defendants in their answer specifically deny the facts stated in the writ, and allege that the bonds were not voted and issued for the purpose of borrowing money, but to purchase a site for a school house and to erect a building thereon, and that said bonds recite "on their face" that they were issued in exchange for a school house and site and the building thereon.

The case was submitted to the court on the writ and the answer or return thereto.

No copy of the bond is set out in the proceedings, nor was one introduced in evidence, so that there is nothing before the court to show that the relator is possessed of the bond in suit. He must therefore fail in the action.

It is claimed on behalf of the relator that the bonds being admitted, the burden of proof is upon the defendants to show that they were illegal. So far as we can

judge, the bonds contain the same recital on their face as those in the case of *State v. School District No. 4, Sherman Co.*, 16 Neb., 182, in which it was held that the bonds were unauthorized and void. The reasons assigned in that case are applicable in this and need not be repeated here. The bond in this case showed on its face that it was for a purpose not authorized by statute, and hence there can be no recovery thereon.

A peremptory writ is denied and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.